1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

JAMES M. HINKLEY,

7
                                        Plaintiff,          No. C12-5969 RBL/KLS

8
            v.                                             ORDER DENYING MOTION FOR
                                                            COUNSEL
9   ELDON VAIL, SCOTT RUSSELL,
    KERRY ARLOW, JEFFREY L.
10  CARLSEN, STEVE DEMARS, JOHN
    AND JANE DOES 1-32,

11

12                                     Defendants.

13          Before the Court is Plaintiff's Motion to Appoint Counsel.  ECF No. 21.  Having

14  carefully considered the motion, Defendants' response (ECF No. 25), Plaintiff's Affidavits (ECF

15  Nos. 21-1, 26 and 27), and balance of the record, the Court finds that the motion should be

16  denied.

17                                   **DISCUSSION**

18          No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*

19  *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

20  *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

21  discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

22  appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

23  U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

24  *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

25  circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

26

ORDER  - 1

the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff states that he requires counsel because he suffers from a learning disability, he has a seventh grade education, he is poor, the case is complex, he has no legal training, he is no longer incarcerated at the same facility, and the experts will be needed to litigate his case.  ECF No. 21, p. 1.  Defendants note that Plaintiff has previously represented himself in actions against the Department of Corrections, including a motion for discretionary review in the Washington Supreme Court following dismissal of Plaintiff's personal restraint petition disputing disciplinary findings, a 2007 personal restraint petition contesting the calculation of his earned release date, and a federal petition for writ of habeas corpus.  Plaintiff is also engaged in discovery in this case and has already served Defendants with three sets of requests for admission.  ECF No. 25-1, Exhibit 1 (Declaration of Jean E. Meyn), pp. 2-3.

ORDER  - 2

According to Plaintiff's counselor Mark Arroyo, Plaintiff has been assessed with an above average I.Q. of 99, earned his G.E.D. in 2005, and recently completed a mathematics course.  Based on his numerous interactions with Plaintiff, Mr. Arroyo believes that Plaintiff functions on a level higher than most offenders on Mr. Arroyo's case load.  Mr. Arroyo also states that Plaintiff expresses himself well, has average comprehension skills, and above average knowledge of the legal system.  The majority of Mr. Arroyo's interactions with Plaintiff have been to assist him with making copies of documents for his legal work.  ECF No. 25-1, Exhibit 2, Declaration of Mark Arroyo, p. 6.

In an affidavit filed on February 22, 2013, Plaintiff complains that the requests for admissions which he served on two defendants in this case have not been answered properly and that he cannot hold the defendants accountable for their misleading and/or untruthful responses without the help of a lawyer.  ECF No. 26, p. 1.  In an affidavit filed on February 25, 2013, Plaintiff states that he takes mental health medications.  He concedes that he obtained his G.E.D. in 2005, but states that this educational history is not recent.  *Id.*, pp. 1-2.

Plaintiff has demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable to this Court.  Based on Plaintiff's allegations, the Court notes that this is not a complex case involving complex facts or law.  In addition, Plaintiff presents no evidence to show that he is likely to succeed on the merits of his case.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant.  Concerns regarding investigation, access to legal resources or examination of witnesses are not exceptional factors, but are the type of difficulties encountered by many pro se litigants. Plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel.

ORDER  - 3

Accordingly, it is **ORDERED:**

(1)     Plaintiff's motion for counsel (ECF No. 21) is **DENIED.**

(2)     The Clerk shall send a copy of this Order to Plaintiff.


**DATED** this <u>1st</u> day of March, 2103.


Karen L. Strombom
United States Magistrate Judge

ORDER  - 4