UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES M. HINKLEY,<br><br>         Plaintiff,<br><br>    v.<br><br>ELDON VAIL, SCOTT RUSSELL, KERRY ARLOW, JEFFREY L. CARLSEN, STEVE DEMARS, JOHN AND JANE DOES 1-32,<br><br>         Defendants. | No. C12-5969 RBL/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION APPOINTMENT OF EXPERT |

Before the Court is Plaintiff's "Motion For Leave to Have a Medical & Mental Health Expert Come and Evaluate Me." ECF No. 29. Having reviewed the motion, Defendants' response (ECF No. 30), Plaintiff's reply (ECF No. 34), and balance of the record, the Court finds that the motion should be denied.

## DISCUSSION

Plaintiff states that he needs a medical expert to establish the injuries he allegedly incurred "while on drycell watch." ECF No. 29.

In appropriate circumstances, a court may appoint an expert under Fed.R.Evid. 706. The expert witness must either be agreed upon by the parties or selected by the court. Fed.R.Evid. 706(a). Compensation of the expert is by the parties "in such proportion and at such time as the court directs." *Id.* 706(b). Appointment may be allowed even when one party is indigent and unable to bear a portion of the costs. *McKinney v. Anderson,* 924 F.2d 5100, 1511 (9th Cir.), *vacated and remanded on other grounds,* 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991).

ORDER - 1

Mr. Hinkley makes no showing that he attempted to procure an expert and does not request the appointment of an expert pursuant to Rule 706.  Rather, he requests the appointment of an expert for his benefit alone.  Thus, Rule 706 is not applicable.  see also Tedder v. Odel, 890 F.2d 210, 211 (9th Cir.1989) (per curiam) (in forma pauperis statute, 28 U.S.C. § 1915, does not authorize waiver of fees or expenses for an indigent's witnesses).

Essentially Mr. Hinkly is requesting that the court appoint an expert to serve as his advocate in this action.  Because there is no authority for granting this request, the motion will be denied.  Mr. Hinkley is not precluded from retaining his own expert medical witness to examine him and render a medical opinion.  Defendants also suggest that Plaintiff does not need an order to obtain an examination, but may comply with Department of Corrections Policy No. 600.020, Offender Pay Health Care Requests, a copy of which is available to Plaintiff at his facility. However, such an examination would be at Plaintiff's expense.  ECF No. 30.

Accordingly, it is **ORDERED:**

(1)     Plaintiff's motion for the appointment of an expert (ECF No. 29) is **DENIED.**

(2)     The Clerk shall send a copy of this Order to Plaintiff.

**DATED** this  29th  day of March, 2103.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2