1

2

3

4          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
                      AT TACOMA

5

6    JAMES M. HINKLEY,                        CASE NO. C12-5969 RBL/KLS

                    Plaintiff,

7                                             ORDER GRANTING IN PART AND
          v.                                  DENYING IN PART PLAINTIFF'S
8                                             MOTION TO COMPEL
     ELDON VAIL, SCOTT RUSSELL,
9    KERRY ARLOW, JEFFREY L.
     CARLSEN, STEVE DEMARS, JOHN
10   AND JANE DOES 1-32,

11                  Defendants.

12       Before the Court is Plaintiff's Motion to Compel.  ECF No. 41.  Three days following the

13   filing of his motion, Plaintiff filed a Motion for Partial Summary Judgment.  ECF No. 42.

14   Defendants filed a response to the motion to compel (ECF No. 43) and a cross-motion for

15   summary judgment (ECF No. 44).  The cross-motion is noted for June 14, 2013.  Included in

16   Defendants' cross-motion is a motion to stay discovery.  ECF No. 44.  The motion to stay is

17   denied in part (as to issues described herein) and granted as to further discovery pending

18   resolution of Defendants' summary judgment motion.

19                                     **DISCUSSION**

20       Federal Rule of Civil Procedure 26(b) establishes the scope of discovery and states in

21   pertinent part:

22       Parties may obtain discovery regarding any nonprivileged matter that is relevant
         to any party's claim or defense—including the existence, description, nature,
23       custody, condition and location of any documents or other tangible things and the
         identity and location of persons who know of any discoverable matter.
24

1  Fed.R.Civ.P. 26(b)(1).  The court may order discovery of any matter relevant to the subject

2  matter involved in the action. Relevant information need not be admissible at the trial if the

3  discovery appears reasonably calculated to lead to the discovery of admissible evidence.

4  "Relevance for purposes of discovery is defined very broadly."  *Garneau v. City of Seattle*, 147

5  F.3d 802, 812 (9th Cir.1998).

6       "The party seeking to compel discovery has the burden of establishing that its request

7  satisfies the relevancy requirements of Rule 26(b)(1).  The party opposing discovery then has the

8  burden of showing that the discovery should be prohibited, and the burden of clarifying,

9  explaining or supporting its objections," *Bryant v. Ochoa*, 2009 WL 1390794 at * 1 (S.D.Cal.

10 May 14, 2009), and is "required to carry a heavy burden of showing" why discovery should be

11 denied.  *Blankenship v. Hearst Co*rp., 519 F.2d 418, 429 (9th Cir.1975).  *See also, Pulsecard,*

12 *Inc. v. Discover Card Serv., Inc.*, 168 F.R.D. 295, 309 (D.Kan.1996); *McCoo v. Denny's*, 192

13 F.R.D. 675, 693 (D.Kan.2000) (denying motion to compel production of documents where

14 moving party failed to demonstrate how her request for production, which appeared irrelevant on

15 its face, was relevant or would lead to the discovery of admissible evidence).

16      In this case, Mr. Hinkley claims that Defendants violated his Fourth, Eighth, and

17 Fourteenth Amendment rights relating to his placement in and conditions endured in a dry cell

18 watch from April 12, 2011 to April 15, 2011, where he was placed based on suspicion that Mr.

19 Hinkley had smuggled contraband into the Washington Correction Center (WCC).  ECF No. 11

20 (Amended Complaint).  In his motion to compel, Mr. Hinkley identifies a number of issues,

21 which are addressed in turn, as follows:

22 **A.      Cost and Payment of Document Production**

23      In response to various document requests, Defendants indicated that the documents

24 would be made available to Plaintiff for inspection and review by his representative, on a CD, or

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL- 2

1   in paper format at a cost of ten cents per page.  ECF No. 41, p. 17.   Mr. Hinkley states that he

2   has no representative and cannot use a computer so the only option is to pay for the copies.

3   Because he has no money, he asks that the copy costs be debited to his prison account.  ECF No.

4   41, at p. 2.

5          This request is granted.  Defendants should provide the copies in paper form and allow

6   Mr. Hinkley to incur a debt for the cost of the copies.  It is the Court's understanding that,

7   pursuant to DOC Policy 590.500, offenders may incur a debt for copies of legal pleadings

8   (including documents essential to the discovery process and including documents for which they

9   must pay), if they lack sufficient funds to pay the required fee at the time of the request.

10  **B.       Requesting Information from Top Officials**

11         In this section of his motion, Mr. Hinkley appears to be asking what the process is for

12  requesting information from a top official relating to his staff, information that may be located at

13  another prison, or information that may not be based on the official's first-hand knowledge.  He

14  also refers to the ability to discover the names of the John Doe Defendants listed in his

15  complaint.  However, Mr. Hinkley has not filed a motion to compel as to any specific

16  interrogatory and/or request for production.  Therefore, the Court cannot rule on this issue and

17  declines to provide an advisory opinion.  Mr. Hinkley is referred to the rules governing

18  discovery, Fed.R.Civ.P. 26 though 37.

19  **C.       Prison Rules and Confidential Information**

20         In a letter dated March 29, 2013, counsel for Defendants notified Mr. Hinkley that his

21  receipt of any documents through discovery is subject to DOC rules and policies, such as those

22  regarding the possession of other offender's materials.  In addition, with regard to medical

23  records, she directed him to refer to "DOC rules to obtain those, including your own – *see* WAC

24  137-08-090 – and consult with your facility."  ECF No. 41, p. 18.

1    Mr. Hinkley states that he does not believe these rules apply to the production of

2  documents in a civil rights action.  ECF No. 41, p. 5.  However, there is no motion to compel the

3  production of any specific document before the Court.  If Mr. Hinkley wishes the Court to

4  provide a ruling, he must file a motion to compel that identifies the specific document or

5  documents that he believes have been wrongfully withheld.  Also, before filing the motion, he

6  must in good faith confer with counsel for defendants in an effort to resolve this issue without

7  further Court intervention.

8    Mr. Hinkley also moves to compel the production by Defendant Carlsen of confidential

9  informant information (DEFS 65 – DEFS 79), identified in Mr. Carlsen's response to

10  Interrogatory No. 8.  ECF No. 41, p. 22.  Defendants state that they did not have an opportunity

11  to discuss this particular request with Mr. Hinkley before he filed his motion.  ECF No. 43, p. 4.

12  The Court anticipates that the parties will confer on this request and should consider filing the

13  documents under seal for an *in camera* review.  If they are unable to resolve this dispute,

14  Defendants shall file a motion for protective order, explaining why the documents should not be

15  produced.

16  **D.     Number of Interrogatories**

17    Fed.R.Civ.P. 33(a)(1) provides that, "[u]nless otherwise stipulated or ordered by the

18  court, a party may serve on any other party no more than 25 written interrogatories, including all

19  discrete subparts.  Leave to serve additional interrogatories may be granted to the extent

20  consistent with Rule 26(b)(2)."

21    Mr. Hinkley requests whether the 25 written interrogatory limit applies to each set or

22  total.  He also states that he will be requesting leave to file more interrogatories.  A party cannot

23  serve more than 25 individual interrogatories to any other party.  In this case, Mr. Hinkley has

24  named five defendants.  Therefore, he can send 25 interrogatories, which includes subparts, to

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL- 4

1   **each** defendant.  A motion for leave to serve additional interrogatories is not before the Court at

2   this time and, therefore, the Court cannot comment on whether such a motion has merit.  Mr.

3   Hinkley is free to file a motion for leave to file additional interrogatories and he should state

4   therein the reason he needs the additional interrogatories.

5   **E.      Motion to Stay Discovery (ECF No. 44)**

6          Contained in Defendants' Cross-Motion for Summary Judgment is a motion to stay

7   discovery pending ruling on their motion.  ECF No. 44, at pp. 12-13.

8          The court has broad discretionary powers to control discovery.  *Little v. City of Seattle*,

9   863 F.2d 681, 685 (9th Cir. 1988).  Upon showing of good cause, the court may deny or limit

10  discovery. Fed. R. Civ. P. 26(c).  A court may relieve a party of the burdens of discovery while a

11  dispositive motion is pending.  *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at*

12  906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

13         When government officials raise the issue of qualified immunity discovery should not

14  proceed until this threshold issue is resolved by the court.  *Harlow v. Fitzgerald*, 457 U.S. 800,

15  818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *DiMartini*, 889 F.2d at 926.

16         Thus, all discovery in this matter should be stayed pending resolution of Defendants'

17  motion for summary judgment, **except as to** the document production discussed herein

18  (including resolution of the issue relating to production of investigative documents withheld on

19  the grounds of confidentiality).  However, if Mr. Hinkley finds that he requires additional

20  discovery to justify his opposition to Defendants' motion for summary judgment, he should file

21  an affidavit consistent with Fed.R.Civ.P. 56(f) and set out the specific discovery he requires and

22  the reasons why he cannot present facts essential to justify his opposition without it.

23         Accordingly, it is **ORDERED:**

24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL- 5

1     1)      Plaintiff's motion to compel (ECF No. 41) is **GRANTED, in part.**  Defendants

2    shall incur the initial cost of making paper copies of their document production and Plaintiff

3    shall be allowed to incur a debt to pay for the copies.  The remainder of Plaintiff's motion to

4    compel (ECF No. 41) is **DENIED.**

5     2)      Defendants' motion to stay discovery (ECF No. 44) is **GRANTED.**  With the

6    exception of the document production discussed herein and resolution of the issue relating to

7    production of investigative documents withheld on the grounds of confidentiality, **all discovery**

8    **is STAYED** pending resolution of Defendants' motion for summary judgment.

9     3)      The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

10    **DATED** this 4th day of June, 2013.

11

12    Karen L. Strombom
     United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL- 6