UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES M. HINKLEY,<br><br>                    Plaintiff,<br>    v.<br><br>ELDON VAIL, SCOTT RUSSELL, KERRY ARLOW, JEFFREY L. CARLSEN, STEVE DEMARS, JOHN AND JANE DOES 1-32,<br><br>                    Defendants. | No. C12-5969 RBL/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND, ADD OR CORRECT COMPLAINT |

Before the Court is Plaintiff's Motion to Amend, Add or Correct Complaint. ECF No. 62. Plaintiff has failed to provide a proposed amended complaint. Having reviewed the motion, Defendants' response (ECF No. 65), the Court finds that the motion should be denied.

**DISCUSSION**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed 'for abuse of discretion and in light of the strong public policy permitting amendment.'" *Bonin v. Calderon*, 59 F.3d at 845, *quoting Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993). A district court may take into consideration such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *See In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004), *quoting Bonin*, 59 F.3d at 845.

ORDER - 1

"The liberal amendment rules of Fed. R. Civ. P. 15(a) do not require that courts indulge in futile gestures." *Deloach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968). If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a). *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984); *Glick v. Koenig*, 766 F.2d 265 (7th Cir. 1985).

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 975 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Plaintiff has failed to provide a proposed amended complaint. He instead lists changes he wants to his original complaint in his motion. This is not in compliance with LCR 15, which provides as follows:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

ORDER - 2

Pursuant to LCR 15, Plaintiff must therefore attach a copy of the proposed amended pleading as an exhibit to his motion. In addition, the proposed amended complaint must stand on its own without reference to the original complaint. It is not possible for the Court or the Defendants to fully respond to Plaintiff's motion without seeing his proposed amended complaint. For this reason alone, his motion to amend must be denied.

In addition, the motions for summary judgment of Plaintiff and Defendants are presently the subject of a separate Report and Recommendation which must be fully adjudicated before Plaintiff may file a proposed amended complaint. Plaintiff will be advised if and when any amendment to his original complaint can be made.

Accordingly, it is **ORDERED:**

(1)   Plaintiff's motion to amend (ECF No. 62) is **DENIED.**

(2)   The Clerk is directed to send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  24th   day of July, 2103.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3