UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES M. HINKLEY,<br><br>                    Plaintiff,<br><br>        v.<br><br>ELDON VAIL, SCOTT RUSSELL,<br>KERRY ARLOW, JEFFREY L.<br>CARLSEN, STEVE DEMARS, JOHN<br>AND JANE DOES 1-32,<br><br>                    Defendants. | CASE NO. C12-5969 RBL/KLS<br><br>ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>RECONSIDERATION |

Before the Court is Defendants' motion for reconsideration.  ECF No. 56.  Defendants ask the Court to reconsider that portion of its Order which granted, in part, Plaintiff's motion to compel (ECF No. 52).  The Court requested additionally briefing from Defendants on the issue. ECF No. 57.  On June 27, 2013, Plaintiff filed an Objection and on July 19, 2013, Defendants filed their additional briefing.  ECF No. 67.

Having carefully reviewed the motion, objection, and additional briefing, the Court finds that Defendants' motion for reconsideration should be granted.

## BACKGROUND

Plaintiff James M. Hinkley filed a motion to compel (ECF No. 41) and Defendants opposed the motion.  ECF No. 43.  On June 4, 2013, the Court issued an Order partially granting

1    Mr. Hinkley's motion.  ECF No. 52.  In its Order, the Court ordered the Department of

2    Corrections (DOC) to incur the cost of making paper copies of the individually-named

3    defendants' responsive documents by allowing Mr. Hinkley to incur a debt for the paper copies.

4    ECF No. 52 at 3, lines 5-6.  Defendants moved for reconsideration of this portion of the Court's

5    Order stating that the Court had based its ruling on an incorrect reading of DOC Policy 590.500,

6    which does not allow inmates to incur a debt for photocopies related to a discovery request, that

7    DOC Policy 590.500 is not inconsistent with case law regarding the limited role of prison

8    authorities in assisting prisoners with litigation, and that neither the individual defendants nor

9    their counsel have the ability to force the DOC to allow Mr. Hinkley to incur such a debt.

10   Defendants state that while their counsel will bear the cost for providing the seventy-nine (79)

11   pages of responsive documents at issue in this case, they seek reconsideration of the ruling as it

12   may affect future rulings on discovery.  ECF No. 56.

13                                    **DISCUSSION**

14          Motions for reconsideration are disfavored.  The Court will ordinarily deny such motions

15   in the absence of a showing of manifest error in the prior ruling or a showing of new facts or

16   legal authority which could not have been brought to its attention earlier with reasonable

17   diligence.  Rule 7(h)(1), Local Rules W.D. Wash.

18          The Court based its earlier ruling on an understanding that, pursuant to DOC Policy

19   590.500, offenders may incur a debt for copies of legal pleadings (including documents essential

20   to the discovery process and including documents for which they must pay), if they lack

21   sufficient funds to pay the required fee at the time of the request.  ECF No. 52 at 2-3.  However,

22   DOC Policy 590.500 was revised in January 2013 and by its terms does not allow discovery

23   copies to be debited.  The current version of the policy states that indigent offenders are only

24   allowed to incur a debt for photocopies "of his/her own legal pleadings *being submitted to the*

ORDER GRANTING DEFENDANTS' MOTION
FOR RECONSIDERATION- 2

1   *court and opposing party* in cases involving current conviction, conditions of confinement,

2   and/or challenges to the offender's sentence."  ECF No. 56, Exhibit 1, Declaration of Roy

3   Gonzalez, Attachment A (emphasis added).

4        The Court is also aware that the revised DOC policy is not inconsistent with case law.

5   Prison authorities are only required to assist inmates in the preparation and filing of meaningful

6   legal papers by providing prisoners with adequate law libraries or adequate assistance from

7   persons trained in the law.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir.2011) (*quoting*

8   *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Moreover, this assistance is limited to the pleading

9   stage only.  *Id*. (citing Lewis v. Casey, 518 U.S. 343, 384, (1996)).

10       The Federal Rules also do not entitle Mr. Hinkley to shift his costs of discovery or other

11  costs of his litigation to defendants.  *See United States v. MacCollom*, 426 U.S. 317, 321 (1976)

12  ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when

13  authorized by Congress ..."]; *see also Tedder v. Odel*, 890 F.2d 210 (9th Cir.1989) (citations

14  omitted); *Murray v. Palmer*, 2006 WL 2516485, *4, (N.D.N.Y. Aug. 29, 2006) ("Although

15  Plaintiff has been granted *in forma pauperis* status under 28 U.S.C. § 1915, such status does not

16  relieve him of the duty to pay his share of the cost of discovery (or somehow shift that cost to

17  either Defendants or the Court)").  Additionally, the *in forma pauperis statute*, 28 U.S.C. § 1915,

18  provides for the payment of filing fee and service of process only.

19       Accordingly, it is **ORDERED**:

20       1)    Defendants' motion for reconsideration (ECF No. 56) is **GRANTED.**  That

21  portion of the Court's Order (ECF No. 52) that requires Defendants to incur the initial cost of

22  making paper copies of their document production by allowing Plaintiff to incur a debt to pay for

23  the copies is **RESCINDED.**

24

ORDER GRANTING DEFENDANTS' MOTION
FOR RECONSIDERATION- 3

2)      The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.


**DATED** this <u>24th</u> day of July, 2013.


Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING DEFENDANTS' MOTION
FOR RECONSIDERATION- 4